UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DELICIA MASON,

        Plaintiff,

  v.

MORTGAGEIT, Inc., et al.,

        Defendants.
_____/

Civ. No. 2:10-cv-0986 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the basis of defendant Federal Deposit Insurance Corporation's, as Receiver for defendant IndyMac Federal Bank, FSB, (the "FDIC") notice of removal of plaintiff's complaint from the Superior Court of California in and for the County of Placer. The FDIC removed the complaint, which alleged only state law claims against all defendants, on the basis of federal question jurisdiction because any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); see also Bullion Serv., Inc. v. Valley State

Bank, 50 F.3d 705, 707 (9th Cir. 1995). On May 3, 2010, the court entered an order, based upon the stipulations of the parties, dismissing plaintiff's claim against the FDIC with prejudice.

Dismissal of the FDIC as a party leaves the complaint devoid of any federal claims. The remaining claims are state law claims against the sole served defendant, MortgageIT, Inc. for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the California Rosenthal Act, negligence, violation of California Business and Professions Code §§ 17200 *et seq.*, violation of California Civil Code §§ 2932.5 et seq., and quiet title. (Pl.'s Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting

Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Accordingly, plaintiff's complaint is REMANDED to the Superior Court of California in and for the County of Placer.

IT IS SO ORDERED.

DATED: May 7, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE